# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Emani Love, Tina Seitz, Codie Stone, E.B., A.M., & K.S., | Case No. 15-cv-11834 |
| Plaintiffs, | Hon. Nancy G. Edmunds |
| v. | Mag. Elizabeth A. Stafford |
| RUTH JOHNSON, in her official capacity as the Secretary of State of Michigan, | |
| Defendant. | |

## MOTION AND BRIEF FOR PROTECTIVE ORDER TO PROCEED UNDER FICTITIOUS NAMES

### Statement Regarding Concurrence

Local Rule 7.1(a) requires Plaintiffs to ascertain whether this motion will be opposed. Because this motion is being filed on the same day as the complaint, there is not yet an attorney of record for Defendant in this case. Plaintiffs' counsel did call and email the chief counsel for the Secretary of State's office to explain the nature of this motion and its legal basis. Plaintiffs' counsel requested but did not obtain concurrence in the relief sought.

### MOTION

Plaintiffs E.B., A.M. and K.S. ("Movants"), by their undersigned counsel, respectfully move this Court for permission to bring this action under their initials

1

in order to protect their identities from public disclosure.  The motion is supported by the brief below.

## BRIEF IN SUPPORT

### Introduction

The Movants ask this Court for permission to bring this action using assumed names for the purpose of protecting their identities from public disclosure.  The Movants are challenging the constitutionality of the Secretary of State of Michigan's policy requiring transgender persons to produce an amended birth certificate showing the correct gender in order to correct the gender designation on their Michigan driver's license or state identification card (the "Driver's License Policy").  As transgender individuals, Movants belong to a group that has long been subject to discrimination, hostility and even violence.  Moreover, a person's transgender status and medical condition are sensitive and highly personal.  Accordingly, forcing transgender people to disclose their identities in public court records requires them to disclose deeply personal information and subjects them to the possibility of significant harm.

Movants have no objection to providing their actual names to the Defendant, but will request that the Court enter a protective order barring further dissemination of their names and requiring that any documents containing their names be filed under seal before they do so.

## Argument

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (citations omitted). Plaintiffs can be excused from identifying themselves if a court concludes that the plaintiffs' privacy interests are more substantial than the presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In addition, Federal Rule of Civil Procedure 26(c) specifically permits the court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of a party. The granting of a protective order under Rule 26(c) requires a showing of good cause by the movant, which Plaintiffs have shown here.

### The Relevant Factors Identified by the Sixth Circuit Support the Relief Sought by this Motion

Here, the Movants' privacy interests outweigh the general presumption of open records. In addition to expressing concern about plaintiffs who may be subject to harassment, the Sixth Circuit has identified several factors that the Court may consider in determining whether a plaintiff may proceed anonymously, including, among others, "whether the plaintiffs seeking anonymity are suing to challenge governmental activity" and "whether prosecution of the suit will compel

3

the plaintiffs to disclose information 'of the utmost intimacy.'" *Porter*, 370 F.3d at 560. The facts in this case support granting the relief sought by this motion.

First, the Movants are challenging government activity. Their challenge to the burdens placed on transgender people by the Michigan Secretary of State's Driver's License Policy may subject them to criticism from members of the public who do not understand what it means to be transgender or are intolerant towards transgender people for other reasons.

Second, the information disclosed in the Complaint, and information likely to be disclosed during discovery, is highly personal. Movants' involvement in this case will expose their transgender status, which is private, sensitive information about the difference in their assigned sex at birth and gender identity. As the Second Circuit has explained: "the excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999). Other courts have come to the same conclusion. *E.g.*, *K.L. v. State*, No. 3AN-11-05431 CI, 2012 WL 2685183, at *6 (Alaska Super. Ct. Mar. 12, 2012) ("The Court agrees that one's transgender[] status is private, sensitive personal information" and "is entitled to protection."). Furthermore, the information at issue concerns the Movants' medical condition, gender dysphoria, which would be released to the public if this motion is not granted.

4

Moreover, persons publicly identified as transgender are at risk of hostility, harassment, and even injury: "transsexualism is the unusual condition that is likely to provoke both an intense desire to preserve one's medical confidentiality, as well as hostility and intolerance from others." *Powell*, 175 F.3d at 111; *see also Brocksmith v. United States*, 99 A.3d 690, 698 n. 8 (D.C. 2014) ("The hostility and discrimination that transgender individuals face in our society today is well-documented."); Jaime M. Grant *et al.*, *Injustice at Every Turn: A Report of the National Transgender Discrimination Survey*, NATIONAL CENTER FOR TRANSGENDER EQUALITY AND NATIONAL GAY AND LESBIAN TASK FORCE at 5 (2011) (disclosing the widespread discrimination, harassment, and violence experienced by transgender people, as well as the fact that 40% of transgender survey respondents who presented identification that did not match their gender identity reported being harassed).

Because of the stigma attached to transgender individuals and the risks the population faces due to their transgender status, courts allow transgender plaintiffs to proceed under pseudonyms. *See, e.g.*, *In re E.P.L.*, 891 N.Y.S.2d 619, 621 (Sup. Ct. 2009) (shielding the publication of a transgender individual's name in seeking a court order regarding a name change based upon his "right to feel threatened for his personal safety in the event his transgender status is made public," even though he had not personally experienced any violence based on his gender identity).

Moreover, the Eastern District of Michigan has recognized that "[a] plaintiff can support his fear by demonstrating the need for anonymity to prevent retaliation, the reasonableness of the plaintiff's fear, the severity of the threatened harm, and the plaintiff's vulnerability." *Does 1-114 v. Shalushi*, No. 10-11837, 2010 U.S. Dist. LEXIS 77331, at *9 (July 30, 2010) (citations omitted). In this case, the Movants have fears of retaliation, their fear is reasonable, the harm threatened is severe, and the Movants are members of an extremely vulnerable group.

The Movants' fears of retaliation are based on the widespread misunderstanding of, or hostility towards, transgender persons, which has resulted in discrimination and harassment, as well as the prevalence of violence against transgender individuals. The threat of physical harm to transgender individuals due to the disclosure of their transgender status is real. As one court recognized, "there exist numerous documented instances of those targeted for violence based on their. . . gender identity." *In re E.P.L.*, 891 N.Y.S.2d at 621. Numerous reports and studies also show the degree to which transgender individuals are at risk of physical violence. *See, e.g., Lesbian, Gay, Bisexual, Transgender, Queer, and HIV-Affected Hate Violence in 2013*, NATIONAL COALITION OF ANTI-VIOLENCE PROGRAMS (2014); *Injustice at Every Turn*, *supra*, at p. 2 (stating that 61% of survey participants were victims of physical assault). Thus, the risk of disclosure

places the Movants at risk of serious physical danger and a protective order is necessary to safeguard not just their privacy, but also their safety. These facts provide strong support for the relief sought by this motion.

### Defendant will Have Sufficient Information to Present Her Defense

The Sixth Circuit has also noted that courts should weigh the harm to movants against the issue of whether defendants would have sufficient information to present their defense. In *Porter*, the court approved of a protective order that required disclosure of the plaintiffs' identities to the defendants but limited disclosure of the plaintiffs' personal information to the public or outside the litigation. 370 F.3d at 560-61. Similarly here the Movants seek an order that would limit disclosure of their personal information to the public, but that would permit the disclosure to the Defendant. Thus, the proposed protective order would not hamper the Defendant's ability to present a defense. Like the situation in *Porter*, "it is unclear how [the Court's grant of the protective order] would. . . hinder[] [the Defendant's] preparation" of the case, as the Defendant here would still be able "to obtain all the necessary information to address" the issues in this case without public disclosure of the names. *Id.* at 561.

### Conclusion

Thus, the risks are real and substantial, and the Movants should not be required to risk exacerbating the very harms they are attempting to prevent in an

7

effort to enforce their rights.  A protective order is necessary to prevent the Movants from being subjected to revealing sensitive personal and medical information, harassment, discrimination, or physical harm.  Such an order would not compromise the Defendant's ability to conduct her defense.

For the foregoing reasons, the Movants respectfully request the Court to grant this motion to proceed under fictitious names.

Respectfully submitted,

/s/ Jay D. Kaplan

| | |
|---|---|
| Jay D. Kaplan (P38197) | Steven R. Gilford |
| Daniel S. Korobkin (P72842) | Michael F. Derksen |
| Michael J. Steinberg (P43085) | Jacki L. Anderson |
| American Civil Liberties Union | PROSKAUER ROSE LLP |
|   Fund of Michigan | 70 West Madison, Suite 3800 |
| 2966 Woodward Ave. | Chicago, IL 60602 |
| Detroit, MI 48201 | (312) 962-3550 |
| (313) 578-6814 | sgilford@proskauer.com |
| jkaplan@aclumich.org | mderksen@proskauer.com |
| dkorobkin@aclumich.org | jlanderson@proskauer.com |
| msteinberg@aclumich.org | |

John A. Knight
American Civil Liberties Union Foundation
180 N. Michigan Avenue, Suite 2300
Chicago, IL 60606
(312) 201-9740
jaknight@aclu.org

Attorneys for Plaintiffs

Dated: May 21, 2015

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2015, this motion and brief was filed electronically using the Court's ECF system, which will provide electronic notice to all counsel of record.  Additionally, because defense counsel has not yet appeared, Plaintiffs' counsel emailed this motion and brief to the chief counsel in the Michigan Secretary of State's office.  This motion and brief will also be served along with the complaint and summons.

/s/ Jay D. Kaplan
Jay D. Kaplan (P38197)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6814
jkaplan@aclumich.org

Dated:  May 21, 2015