UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANI LOVE, ET AL.,

    Plaintiffs,

v.

RUTH JOHNSON,

    Defendant.

                                         /

Case No. 15-11834

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY [18]**

In this civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiffs, a group of transgender individuals, challenge the Michigan Secretary of State's policy which requires the gender listed on one's driver's licence to match their birth certificate. Currently before the Court is Defendant's motion to stay discovery pending the resolution of their dispositive motion. For the reasons set forth below, the Court DENIES Defendant's request.

"The Federal Rules of Civil Procedure permit[ ] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10–cv–00219, 2010 WL 3719245, at *1 (S.D.Ohio Sept.16, 2010) (quoting Fed.R.Civ.P. 26(c)). As the Sixth Circuit has recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 Fed. Appx. 139, 141 (6th Cir. 2005) (citations omitted).  However, with the exception of cases that are clearly frivolous or raise important pre-discovery immunity issues, one argument that is

often deemed insufficient to support a stay of discovery is that the moving party has filed a dispositive motion. *Ohio Bell Tel. Co. v. Global NAPs Ohio, Inc.*, No. 06-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008). As one court has observed:

> Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion.

*Id.* (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990)).

This logic applies with equal force here. Indeed, the primary basis offered in support of Defendant's motion is the conclusory statement that its motion to dismiss–filed less than three weeks ago–is "likely to result in the dismissal of Plaintiffs' claims . . . ." (Def.'s Br. 1). While Plaintiffs have not, as of yet, filed their response to Defendant's dispositive motion, even a cursory a review of the pleadings suggests that this case involves a complex and relatively undeveloped area of the law; namely, the application of constitutional safeguards to transgender individuals. In other words, where, as here, the legal issues appear to be fairly debatable, the Court is not persuaded that staying discovery would serve the interests of justice.  For this reason, the Court concludes that Defendant "should not receive a free pass on [her] discovery obligations simply because [she] ha[s] raised an issue that may ultimately lead to dismissal of the case." *Ohio Bell Tel. Co.,* 2008 WL 641252, at *2.

For the above-stated reasons, Defendant's motion to stay discovery is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 5, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 5, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager