UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANI LOVE, ET AL.,

    Plaintiffs,

v.

RUTH JOHNSON,

    Defendant.

_____/

Case No. 15-11834

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [40]**

On November 16, 2015, this Court issued an Order denying Defendant's motion to dismiss Plaintiffs' complaint. In essence, the Court concluded that because Defendant's License Policy jeopardizes the fundamental right to informational privacy, Plaintiffs' stated a plausible claim under the Fourteenth Amendment. In light of the Court's conclusion, Defendant now bears the burden of establishing that the Policy is narrowly tailored to further a compelling state interest. With respect to Plaintiffs' remaining four claims, the Court, invoking the principle of judicial restraint, opted not to adjudicate any additional constitutional questions at this stage of the case. Defendant now requests the Court to reconsider this decision and issue a full opinion and order on the merits.

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects. Although a court has the discretion to grant such a motion, it generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L. R.

7.1(h). To persuade the court to grant the motion, the movant "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.*

Here, Defendant argues that if the Court does not address the substantive merit of the remaining claims, the parties will be forced "to pursue costly and voluminous discovery as to claims that may not be facially viable." (Def.'s Mot. 3). Even assuming this consideration was relevant to the principle of judicial restraint, the Court is not persuaded by Defendant's appeal for a number of reasons. First, there is no question that Plaintiffs' complaint is tethered to one overarching concern, namely: the "State of Michigan's refusal to recognize and respect the gender of Plaintiffs and other transgender people by denying them the ability to obtain a driver's license or state identification card that accurately reflects their gender." (Compl. ¶ 1). For this reason, each of Plaintiffs' five claims seeks precisely the same relief- a declaration that the License Policy is unconstitutional. (Compl. ¶ a). It comes as little surprise, therefore, that Defendant was unable to substantiate any of the purported "discovery problems" created by the Court's decision.

Morever, the bulk of Plaintiffs' remaining constitutional claims present issues of first impression in this Circuit. This further supports the Court's decision to invoke the long-standing principle of judicial restraint. *See Camreta v. Greene*, 563 U.S. 692, 131 S.Ct. 2020, 2031, 179 L.Ed.2d 1118 (2011) (noting rule that courts must avoid resolving constitutional questions unnecessarily). In sum, "[n]o valid reason justifie[s] abandonment of this doctrine in this case. The abandonment of the rule [would] instead thrust this case into a thicket of constitutional issues it [may not be] necessary to enter." *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 511 (1st Cir. 2011).

Accordingly, for the reasons thus stated, the Court DENIES Defendant's motion for reconsideration [40].

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  January 10, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 10, 2016, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager