
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EMANI LOVE, et al., | NO. 2:15-cv-11834 |
| Plaintiffs, | HON. NANCY EDMUNDS |
| v | MAG. ELIZABETH A. STAFFORD |
| RUTH JOHNSON, | |
| Defendant. | |

AMERICAN CIVIL LIBERTIES
  UNION FUND OF MICHIGAN
Jay D. Kaplan (P38197)
Daniel S. Korobkin (P72842)
Michael J. Steinberg (P43085)
Attorneys for Plaintiffs
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6812

PROSKAUER ROSE LLP
Steven R. Gilford
Michael F. Derksen
Jacki L. Anderson
Attorneys for Plaintiffs
70 West Madison, Suite 3800
Chicago, IL 60602
(312) 962-3550

AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
John A. Knight
Attorney for Plaintiffs
180 North Michigan Avenue, Suite 2300
Chicago, IL 60606
(312) 201-9740

Erik A. Grill (P64713)
Kevin Himebaugh (P53374)
Jeanmarie Miller (P44446)
Denise C. Barton (P41535)
James E. Long (P53251)
Assistant Attorneys General
Attorneys for SOM Defendant Johnson
Michigan Department of Attorney General
Civil Litigation, Employment &
  Elections Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

_____/

# DEFENDANTS RUTH JOHNSON'S MOTION FOR JUDGMENT ON THE PLEADINGS ON GROUNDS OF MOOTNESS

Defendant Ruth Johnson, through her attorneys, Bill Schuette, Attorney General for the State of Michigan and Erik A. Grill, Assistant Attorney General for the State of Michigan, and in support of her Motion to Dismiss pursuant to Fed. R. Civ. P. 12(c) states as follows:

1. Plaintiffs allege that they are transgender individuals seeking to change the sex designation on their state-issued drivers' licenses.

2. Defendant Ruth Johnson is the elected Secretary of State for the State of Michigan.

3. Plaintiffs seek declaratory and injunctive relief.

4. For the reasons set forth in this brief, Plaintiffs' Complaint should be dismissed with prejudice.

5. Concurrence in this motion was sought on March 4, 2016, but concurrence was denied.

# RELIEF REQUESTED

For these reasons and the reasons stated more fully in the accompanying brief, Defendant Ruth Johnson respectfully requests that this Honorable Court dismiss the claims against her in their entirety, together with any other relief the Court determines to be appropriate under the circumstances.

Respectfully submitted,

BILL SCHUETTE
Attorney General

*/s/Erik A. Grill*
Erik A. Grill (P64713)
Kevin Himebaugh (P53374)
Jeanmarie Miller (P44446)
Denise C. Barton (P41535)
James E. Long (P53251)
Assistant Attorneys General
Attorneys for Defendant
Civil Litigation, Employment &
Elections Division
P. O. Box 30736
Lansing, Michigan  48909
(517) 373-6434
grille@michigan.gov

Dated:  March 10, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EMANI LOVE, et al., | NO. 2:15-cv-11834 |
| Plaintiffs, | HON. NANCY EDMUNDS |
| v | MAG. ELIZABETH A. STAFFORD |
| RUTH JOHNSON, | |
| Defendant. | |

AMERICAN CIVIL LIBERTIES
  UNION FUND OF MICHIGAN
Jay D. Kaplan (P38197)
Daniel S. Korobkin (P72842)
Michael J. Steinberg (P43085)
Attorneys for Plaintiffs
2966 Woodward Avenue
Detroit, MI  48201
(313) 578-6812

PROSKAUER ROSE LLP
Steven R. Gilford
Michael F. Derksen
Jacki L. Anderson
Attorneys for Plaintiffs
70 West Madison, Suite 3800
Chicago, IL  60602
(312) 962-3550

AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
John A. Knight
Attorney for Plaintiffs
180 North Michigan Avenue, Suite 2300
Chicago, IL  60606
(312) 201-9740

Erik A. Grill (P64713)
Kevin Himebaugh (P53374)
Jeanmarie Miller (P44446)
Denise C. Barton (P41535)
James E. Long (P53251)
Assistant Attorneys General
Attorneys for SOM Defendant Johnson
Michigan Department of Attorney General
Civil Litigation, Employment &
  Elections Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-6434

/

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court dismiss the Complaint for declaratory and injunctive relief as moot where, as here, the Michigan Secretary of State has updated its policy and now allows Plaintiffs to change their sex designation on their Michigan driver's license without having to obtain an amended birth certificate?

    Defendant's Answer:    "Yes"

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*Ammex, Inc. v. Cox*, 351 F3d 697 (6th Cir. 2003)

## STATEMENT OF FACTS

Plaintiffs are six transgender individuals who challenge a former Michigan Secretary of State policy that required them to submit an amended birth certificate in order to change their sex designation on their state-issued personal identification card (PID) or state-issued driver's license (DL).  They contend that the Secretary of State's policy, to the extent that it did not allow for alternative ways to change the sex designation on their PID or DL, violated their Constitutional rights, including their right to privacy, freedom of speech, right to equal protection, right to interstate travel, and right to refuse unwanted medical treatment.

Plaintiffs seek declaratory and injunctive relief so that they, as transgender Michigan residents, "can obtain Michigan ID documents that accurately reflect their gender identity." (R. 1, Pg ID #6 Complaint, ¶ 11.

On March 10, 2016, the Michigan Secretary of State updated its policy as it relates to changing the sex designation on a state-issued PID or DL.  Effective March 10, 2016, the Secretary of State's policy provides that:

> [A]n applicant may request to change the sex designation on their driver license or PID. The individual must provide any one of the following documents that show a sex other than currently designated on the drivers license or PID: a certified birth certificate, a valid US Passport, valid US Passport Card, or a court order changing the sex of the individual.

With this updated policy in place, Plaintiffs are no longer required to obtain an amended birth certificate as their only means to change their sex designation on their PID or DL. Accordingly, for the reasons more fully set forth in this Brief, the case warrants dismissal.

## ARGUMENT

I. **A case can be moot where interim relief or events have completely eradicated the effects of the alleged violation and where the alleged violation is not expected to reoccur. The Secretary of State has voluntarily updated its policy to eliminate the gender reassignment requirement for individuals desiring to change their sex designation on their driver's license. Is this case moot?**

Under Article III of the Constitution, a federal court's jurisdiction is limited to actual cases and controversies. *Ammex, Inc. v. Cox*, 351 F.3d 697, 704 (6th Cir. 2003)(internal quotations omitted)(quoting *McPherson v. Mich High Sch Athletic Ass'n., Inc*, 119 F3d 453, 458 (6th Cir. 1997) (en banc)). While a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to

3

determine whether that practice was constitutional, it can moot a case "if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl Servs (TOC) Inc.*, 528 U.S. 167, 189 (2000). A case can be moot where interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). An appeal is moot in the constitutional sense where the events that have transpired during the pendency of the appeal make it "'impossible for the courts to grant any effectual relief whatever . . . .'" *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992). The Sixth Circuit has noted that "'cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties.'" *Ammex*, 351 F.3d at 705 (quoting *Mosely v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990)). The burden of demonstrating mootness rests on the party claiming mootness. *Friends of the Earth*, 528 U.S. at 189.

Under this legal standard, this Court should dismiss Plaintiffs' case on grounds of mootness. There is no need for injunctive or

declaratory relief here, where such relief would not serve a useful purpose in clarifying the legal relations at issue, or where there is an alternative remedy that is better. *Grand Trunk Western RR Co v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (citing 6A Moore's Federal practice para 57.08 (1983)).

Defendant Ruth Johnson has remedied any alleged constitutional violation by voluntarily abandoning the requirement to provide a certified birth certificate as proof to change to an individual's sex designation on his or her DL or PID.  Under this new policy, Defendant Ruth Johnson will accept a passport or a passport card issued by the federal government, or a court order issued by a court of competent jurisdiction, in order to change an applicant's sex designation.  Simply stated, surgery is no longer required under this policy.

Plaintiffs concede that the United States Department of State imposes reasonable and not burdensome requirements in order for an individual to change his or her sex designation on a passport or passport card. (R. 1, Complaint, Pg ID # 16, 17 ¶¶45(a) and (c)).  The federal government requires a medical provider's certification in order to accomplish this change—

5

http://travel.state.gov/content/passports/en/passports/information/gender.html.  A passport card for new applicants can be obtained at a relatively low cost, estimated to be less than $60.00—http://travel.state.gov/content/passports/en/passports/information/fees.html.  So the cost is not burdensome.  This updated policy also understandably includes a provision recognizing a change in an individual's sex designation accomplished by way of a court order.  It is well-settled that courts speak through their orders, and the Secretary's updated policy makes this point crystal clear.

Defendant Ruth Johnson has demonstrated that there is no reasonable likelihood that she will return to the previous policy.  The policy change has been implemented in the ordinary course of business.  The Sixth Circuit Court has recognized that self-correction by government officials "provides a secure foundation for dismissal based on mootness so long as it appears genuine."  *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990) (citing 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3533,7 (2d ed 1984)).

In *Brandywine v. Richmond*, the Sixth Circuit Court held that the defendant City of Richmond's passage of an amendment to a development ordinance provided sufficient assurance that the earlier amendment would not be re-enacted, especially since no threat was made to re-enact the offending legislation. *Brandywine v. Richmond*, 359 F.3d 830, 836 (6th Cir. 2004) (citing *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 645 (6th Cir. 1997)). Defendant Ruth Johnson has announced, through her staff, that the Department of State has changed its policy, further demonstrating that the challenged action will not occur and that additional enforcement action is unnecessary. See *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 69-70 (1983) (holding that a third party non-defendant university's letter to the courts and members of an all-male organization stating that the society could return as a university organization only if it complied with nondiscrimination policies, was sufficient to demonstrate that additional enforcement actions were not needed, and mooted the case).

In addition, because this updated policy gives Plaintiffs the relief they sought in their Complaint, there is no further effective relief to be

7

granted by this Court.  The allegedly wrongful behavior could not, therefore, reasonably be expected to recur.

Accordingly, this Court should grant Defendant's motion for judgment on the pleadings on the basis of mootness.

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Defendant Ruth Johnson respectfully requests that this Court dismiss the Plaintiffs' Complaint with prejudice.

Respectfully submitted,

BILL SCHUETTE
Attorney General

*/s/Erik A. Grill*
Erik A. Grill (P64713)
Kevin Himebaugh (P53374)
Jeanmarie Miller (P44446)
Denise C. Barton (P41535)
James E. Long (P53251)
Assistant Attorneys General
Attorneys for Defendant
Civil Litigation, Employment &
Elections Division
P. O. Box 30736
Lansing, Michigan  48909
(517) 373-6434
grille@michigan.gov

Dated:  March 10, 2016

## CERTIFICATE OF SERVICE

      I hereby certify that on March 10, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via U.S. Mail to all non-ECF participants.

                              */s/Erik A. Grill*
                              Erik A. Grill
                              Assistant Attorney General
                              Attorney for Defendant
                              P.O. Box 30736
                              Lansing, Michigan 48909
                              (517) 373-6434
                              grille@michigan.gov
                              P64713