UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EMANI LOVE, et al., | NO. 2:15-cv-11834 |
| Plaintiffs, | HON. NANCY EDMUNDS |
| v | MAG. ELIZABETH A. STAFFORD |
| RUTH JOHNSON, | **DEFENDANT RUTH JOHNSON'S REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Defendant. | |

AMERICAN CIVIL LIBERTIES
  UNION FUND OF MICHIGAN
Jay D. Kaplan (P38197)
Daniel S. Korobkin (P72842)
Michael J. Steinberg (P43085)
Attorneys for Plaintiffs
2966 Woodward Avenue
Detroit, MI  48201
(313) 578-6812

AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
John A. Knight
Attorney for Plaintiffs
180 North Michigan Avenue, Suite 2300
Chicago, IL  60606
(312) 201-9740

PROSKAUER ROSE LLP
Steven R. Gilford
Michael F. Derksen
Jacki L. Anderson
Attorneys for Plaintiffs
70 West Madison, Suite 3800
Chicago, IL  60602
(312) 962-3550

Erik A. Grill (P64713)
Kevin Himebaugh (P53374)
Jeanmarie Miller (P44446)
Denise C. Barton (P41535)
James E. Long (P53251)
Assistant Attorneys General
Attorneys for SOM Defendant Johnson
Michigan Department of Attorney General
Civil Litigation, Employment &
  Elections Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-6434

/

## DEFENDANT RUTH JOHNSON'S REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS

The Plaintiffs' response in this case can best be described as an attempt to move the goal post and seek relief that is no longer necessary or required to resolve this case. In the original complaint, Plaintiffs contended that Defendant's policy requiring a birth certificate to change the sex designation on Michigan's driver licenses or personal identification (PID) cards was "more restrictive" than "what existed in the past". (R. 1, Complaint ¶10, Pg ID #6.)

Now that Defendant Johnson recognizes a valid US passport, a valid US passport card, and a court order as acceptable forms of documentation to change an individual's sex designation on a Michigan driver's license or PID, they no longer focus on the burden of obtaining a drivers license or PID because a birth certificate was required. Instead, they now claim that the "burden" of requiring a physician's affidavit is significant because some transgendered persons may not want, need, or be able to afford a passport. (R. 57, Plaintiffs' Brief, p. 19.) But this is not a class action. All six Plaintiffs can obtain such documents under Michigan's updated policy, and some of the Plaintiffs already have passports. (R. 1, Complaint, ¶¶ 58 and 66.) Thus, their claims are no longer "live" and are moot. *Chirco v. Gateway Oaks, L.L.C.,* 384 F.3d 307, 309 (6th Cir. 2004).

I.   **Defendant's motion and related filings are not defective; the evidence of an updated drivers policy is undisputed.**

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) is determined using the same standard that applies to a review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Poplar Creek Development v. Chesapeake Appalachia,* 636 F.3d 235, 240 (6th Cir. 2011). In this case, this Court may consider the allegations in the complaint as well as matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). Because this Court may consider the allegations in Plaintiffs' Complaint and other items appearing in the record, Defendants' motion for judgment of pleadings is appropriately before this Court. Furthermore, as described below, there can be no good faith argument that Defendant Johnson's policy remains unchanged.

A.   **The record in this case is undisputed; an amended birth certificate is not the only means to change one's sex designation on a Michigan driver's license or PID.**

Plaintiffs contend that this Court should deny Defendant's motion because no affidavit or other "piece of evidence accompanies" the motion. After Defendant filed her motion for judgment on the pleadings, Plaintiffs' counsel deposed Michael Wartella, the Director of Customer Service Administration, who approved the updated policy after it was drafted by staff. Wartella clearly stated that the

updated policy allows for a passport, passport card, or court order to change the gender designation on a Michigan driver's license or PID:

BY MR. KNIGHT:

    Q    You're still under oath, Mr. Wartella.
           So we've talked about the 2016 policy and that you will accept a passport now –

    A    Yes.
    Q    -- to show a gender change. Right?
    A    Yes.

*******

    A.    And right now our policy that we have is passport, passport card or birth certificate or court order.

(Ex. A, Deposition of Michael Wartella, at pp 99-100).

Also, the 2016 policy was distributed to the branch offices when it was issued and, more recently, is included in the Secretary of State's Driver's License Manual. (Ex. B, Affidavit of Grace Ueberroth, Ex. 1 and 2.)  Under these circumstances, Plaintiffs' counsel is hard-pressed to deny the existence of the updated 2016 policy.

    **II.**    **No legislative repeal is needed to establish that Plaintiffs' claims are moot.**

Plaintiffs next argue that a change in policy is insufficient as a matter of law to moot their claims, citing *Akers v. McGinnis*, 352 F.3d 1030 (6th Cir. 2003).  In *Akers*, a union and individual employees challenged as unconstitutional a work rule

3

that prohibited Department of Corrections employees from any non-work-related contact with prisoners, parolees, and probations, their relatives and visitors. Both individual plaintiffs had been terminated for violating the no-contact rule. They also sought equitable relief, expungement of information from disciplinary records, and compensatory and punitive damages. During the lawsuit, the Department of Corrections changed its rules and ultimately allowed for individual exemptions for certain types of contacts.

Although the Sixth Circuit concluded that plaintiffs' claims were not mooted by a change in the work rules, the facts in *Akers* are distinguishable. While the *Akers* Court noted that there is "no guarantee that MDOC will not change back to its older, stricter Rule as soon as this action terminates", plaintiffs' claims for relief were still alive and had not been decided--particularly those relating to money damages. By contrast, the Plaintiffs in this case do not have on-going live claims, and there is no longer any relief that can be awarded. Each plaintiff is now able to change the sex designation on their drivers' licenses or PID by simply obtaining or renewing their passport or passport card. Thus, *Akers* is inapposite.

**I.    The history of the policy and timing of the policy change do not weigh against a finding of mootness.**

Plaintiffs' claim that there were political shenanigans at play when, after Defendant Johnson was elected, her office required an amended birth certificate to

4

in order to change the sex designation on a driver's license or PID. However, this theory is not supported by the record. Again, Director of Customer Service Administration Michael Wartella testified that:

- ➢ He was responsible for approving the policy (Ex. 1, Wartella Dep. at p 24);

- ➢ He has never spoken with or has any personal knowledge of the Campaign for Michigan Families (Ex. 1, Wartella Dep. at p 17);

- ➢ That other than the ACLU, no group or organization had ever contacted him about the department's policy (Ex. 1, Wartella Dep. at p 17);

- ➢ He never talked to Secretary of State Johnson, her chief of staff, or anyone else about her campaign statement on changing the gender on a driver's license (Ex. 1, Wartella Dep. at p 91);

- ➢ Defendant Johnson did not request this change (Ex. 1, Wartella Dep. at p 91);

- ➢ He told Defendant Johnson that he was going to make a change to the amended birth certificate because they were trying to "also protect the privacy of customers so they wouldn't have to provide medical information at the counter and we were trying to simplify, for staff, that it was a legal document that could be used for any time we needed to make a correction to the sex designation on a driver's license." (Ex. 1, Wartella Dep. at p 24);

- ➢ The reason for this change was to "have the same standard that was allowed for Michigan birth certificates under state law that somebody that completed surgery could get their birth certificate changed." (Ex. 1, Wartella Dep. at pp 24-25).

5

In view of this testimony, Plaintiffs' theory, that political pressure led the 2011 policy change, lacks factual support.  Political pressure had nothing to do with the change that occurred in 2011.  Rather, as Wartella testified, the 2011 change occurred in order to protect the privacy of customers from providing medical information at Secretary of State branch offices, and to simplify business procedures within branch offices.  As political pressure played no role in the 2011 or 2016 policy, the plaintiffs' conjecture that political pressure somehow will cause the 2016 policy to "revert back to old policies" has no foundation.  Furthermore, Wartella testified that the March 10, 2016 policy update has been distributed to staff electronically, and that it's going to be included in the Driver's License Manual. (Ex. A, Dep of Wartella, at p. 48).  This has now occurred. (Ex. B, Affidavit of Grace Ueberroth, 1 and 2).

Finally, Plaintiffs argue against a finding of mootness because, in their view, state officials changed policies and procedures related to the driver's license issue too many times.  While this view is inaccurate, it is nonetheless irrelevant to the mootness issue.  Defendant Johnson has implemented a policy that is not burdensome, and integrates a policy cited by Plaintiffs as a model, and provides the plaintiffs with the relief that they requested in this case.  Furthermore, there is no indication of any intention or desire to return to the prior policy.  Under these circumstances, Plaintiffs' claims are moot.

## RELIEF REQUESTED

For the reasons set forth in this Reply, Defendant's Motion for Judgment on the Pleadings should be granted, and Plaintiffs' complaint dismissed with prejudice, together with any other relief the Court determines to be appropriate under the circumstances.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/Erik A. Grill*
Erik A. Grill (P64713)
Denise C. Barton (P41535)
Kevin Himebaugh (P53374)
Jeanmarie Miller (P44446)
Assistant Attorneys General
Attorneys for Defendant
P. O. Box 30736
Lansing, Michigan  48909
(517) 373-6434
grille@michigan.gov
P64713

Dated: April 22, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2016, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

>	*/s/Erik A. Grill*
>	Erik A. Grill (P64713)
>	Assistant Attorneys General
>	Attorneys for Defendant
>	P. O. Box 30736
>	Lansing, Michigan  48909
>	(517) 373-6434
>	grille@michigan.gov
>	P64713