UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EMANI LOVE, et al., | NO. 2:15-cv-11834 |
| Plaintiffs, | HON. NANCY EDMUNDS |
| v | MAG. ELIZABETH A. STAFFORD |
| SECRETARY OF STATE RUTH JOHNSON, | **DEFENDANT SECRETARY OF STATE RUTH JOHNSON'S COURT-ORDERED SUPPLEMENTAL BRIEF** |
| Defendant. | |

AMERICAN CIVIL LIBERTIES
 UNION FUND OF MICHIGAN
Jay D. Kaplan (P38197)
Daniel S. Korobkin (P72842)
Michael J. Steinberg (P43085)
Attorneys for Plaintiffs
2966 Woodward Avenue
Detroit, MI  48201
(313) 578-6812

PROSKAUER ROSE LLP
Steven R. Gilford
Michael F. Derksen
Jacki L. Anderson
Attorneys for Plaintiffs
70 West Madison, Suite 3800
Chicago, IL  60602
(312) 962-3550

AMERICAN CIVIL LIBERTIES
 UNION FOUNDATION
John A. Knight
Attorney for Plaintiffs
180 North Michigan Avenue, Suite 2300
Chicago, IL  60606
(312) 201-9740

Erik A. Grill (P64713)
Kevin Himebaugh (P53374)
Jeanmarie Miller (P44446)
Denise C. Barton (P41535)
James E. Long (P53251)
Assistant Attorneys General
Attorneys for Defendant Secretary of State Ruth Johnson
Michigan Department of Attorney General
Civil Litigation, Employment &
 Elections Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-6434

_____/

1

# DEFENDANT SECRETARY OF STATE RUTH JOHNSON'S COURT-ORDERED SUPPLEMENTAL BRIEF

BILL SCHUETTE
Attorney General

Erik A. Grill (P64713)
Kevin Himebaugh (P53374)
Jeanmarie Miller (P44446)
Denise C. Barton (P41535)
James E. Long (P53251)
Assistant Attorneys General
Attorneys for Defendant Secretary of State Ruth Johnson
Civil Litigation, Employment & Elections Division
P. O. Box 30736
Lansing, Michigan 48909
(517) 373-6434

> *[Defense Counsel] Q: Do you have any intention to change the current 2016 policy regarding the change of sex designation on Michigan driver's licenses or state IDs?*
>
> *[Secretary of State Johnson] A: None. (Ex. C, p 63 ln 19-23).*

Defendant Ruth Johnson has moved for judgment on the pleadings on grounds of mootness, based upon a March 2016 policy update that allows each of the Plaintiffs to change the sex designation of their drivers' license (DL) or Personal Identification (PID) card by simply presenting a passport or a passport card, or a court order issued by a court of competent jurisdiction, or an amended birth certificate. (R. 48, Mot. for Judgment, ID# 454-466). The Secretary has provided a signed affidavit stating that she relied upon the recommendation of Michael Wartella in approving both the current 2016 policy and the earlier 2011 policy upon which Plaintiffs based their claims. (Ex. A, Johnson Aff., ¶3). Secretary Johnson also stated that she has "absolutely no intention" of changing the policy again. (Ex. A, ¶4).

Mr. Wartella has also testified that the 2016 policy change was his decision, and that he does not intend to change the policy again. (Ex. B, Wartella Dep., p 52 ln 12-p 54 ln 9). In short, the Secretary relies on

1

Mr. Wartella's recommendation, and neither Mr. Wartella nor the Secretary have any intention of reverting to the prior policy.

On Friday, June 10, 2016, the Plaintiffs took the deposition of Secretary Johnson. Plaintiffs have argued that an e-mail that they refer to as a "campaign promise" somehow influenced department policy for DL/PID, and that such statements indicate that the Secretary will revert back to the 2011 policy given an opportunity (See e.g. R. 54, Response to Mot. for Prot. Order, ID# 529). But during Secretary Johnson's deposition, it became clear that Plaintiffs' theory about a connection between the statements and the 2011 Driver's License Policy is simply wrong:

> Q: Did you see this e-mail and respond to it in 2010?
>
> A: I did not.
>
> Q: Who did?
>
> A: I had a number of people that worked on the campaign. Someone from the campaign, it appears, did respond.
>
> *   *   *
>
> Q: And did those people who worked on your campaign talk to you about your positions before responding?
>
> A: No.

(Ex. C, Johnson Dep, p 16 ln 13-p 17 ln 5).

2

> **Q: So what -- I'm sorry. What was your campaign position, then, with respect to changing the gender on a license?**
>
> **A: I did not have one.**

(Ex. C, p 24 ln 1-22).  [Emphasis added].  The Secretary later reiterated that, once elected, she relied on Mr. Wartella's expertise in this area:

> A: When I came into office, we kept [the then-existing surgical requirement]. I rely on Mike Wartella to make recommendations. He's the expert.
>
> Q: Okay, but as I understand it, it was your decision to keep that.
>
> A: It was Mike Wartella's decision and I did agree to it.

(Ex. C, p 24 ln 1-22).

So, Plaintiffs' entire theory that the 2011 policy was motivated by—or was an implementation of—some "campaign promise" has crumbled to dust.  The Secretary did not make the statement, she was not consulted about the statement, and she did not have a campaign position on changing gender on licenses.  The campaign statement did not represent her position and it could not, therefore, be the basis for her approving the 2011 policy.[1]  Instead, she relied on Mr. Wartella.

---

[1] "The change came about—by me—that we were trying to take the medical information out of the branch office transaction.  We wanted a legal document that showed that a sex change had occurred.  We were trying to also protect the privacy of customers so they wouldn't have to

3

In addition, the Secretary again made clear that she has no intention of changing this policy again:

> Q: Do you have any intention to change the current 2016 policy regarding the change of sex designation on Michigan driver's licenses or state IDs?
>
> A: None.

(Ex. C, p 63 ln 19-23).  Simply stated, the 2011 policy upon which Plaintiffs based their complaint is gone and is not coming back.

Plaintiffs have elsewhere argued that the updated policy does not address non-citizens who cannot obtain a U.S. passport.  But all the Plaintiffs are citizens, and this is not a class action.  Also, each of the Plaintiffs has admitted that they are legally eligible to obtain a passport (or already have one), and thus they lack standing to raise issues on behalf of non-citizens.  Each plaintiff, through Requests for Admission, has indicated that they either already possess or are eligible to obtain a passport or passport card, and they are aware that they may now use these documents to change the sex on their Michigan DL/ID.  Indeed, in their depositions, Plaintiffs A.M. and Tina Seitz admitted that they can

---

provide medical information at the counter and we were trying to simplify, for staff, that it was a legal document that could be used for any time we needed to make a correction to the sex designation on a driver's license." (Ex. B, Wartella Dep., p 24 ln 12-21).

4

change their DL/IDs today, but are refusing to do so. (Ex. D, A.M. Dep., p 38 ln 12-p 41 ln 9; Ex. E, Seitz dep, p 53 ln 20-24). Whatever their motivations for abstaining from the relief they sought in this lawsuit—i.e. changing the sex designation on their state ID to avoid threats of harm or the revelation of personal information—it is clear that all the plaintiffs have this remedy available to them. The prayer for relief enjoining the enforcement of the challenged 2011 policy is moot because that policy has been abandoned, and it is absolutely clear that it could not be reasonably expected to recur. *Friends of the Earth, Inc. v. Laidlaw Envtl Servs (TOC) Inc.*, 528 U.S. 167, 189 (2000).

## CONCLUSION AND RELIEF SOUGHT

For these reasons and the reasons set forth in the earlier briefing and at oral argument, Defendant requests that this Court grant her Motion for Judgment on the Pleadings and dismiss Plaintiffs' complaint with prejudice.

                                        BILL SCHUETTE
                                        Attorney General

                                        *s/Erik A. Grill*
                                        Erik A. Grill (P64713)
                                        Attorney for Defendant Secretary of
Dated:  June 24, 2016                  State Ruth Johnson

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via U.S. Mail to all non-ECF participants.

                *s/Erik A. Grill*
                Erik A. Grill
                Assistant Attorney General
                P.O. Box 30736
                Lansing, Michigan  48909
                (517) 373-6434
                grille@michigan.gov
                P64713